IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| WYATT BURY, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00084-RK |
| | ) |
| CITY OF KANSAS CITY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO STAY

COME NOW Defendants City of Kansas City, Missouri ("City") and Jackson County, Missouri ("County," collectively "Defendants") and respectfully requests the Court stay the pending action, other than discovery into the standing of the Plaintiffs. In support of this Motion, Defendants state:

1. Plaintiffs filed this lawsuit on February 7, 2025, generally seeking to declare unconstitutional the Defendants' ban on conversion therapy for minors, as well as the City's public accommodation law concerning sexual orientation and gender identity.

2. The City's public accommodation law concerning sexual orientation and gender identity was passed in 2013.

3. The City's ban on conversion therapy was passed in November 2019 – over five years ago.

4. The County's ban on conversion therapy was passed in April 2023 – almost two years ago.

5. Conversion therapy bans exist in 23 states, the District of Columbia, and multiple local jurisdictions. As such, litigation on conversion therapy bans is not new. Conversion therapy bans have been found constitutional in three circuits: the Third Circuit, *King v. Governor of the State of New Jersey*, 767 F.3d 216 (3d Cir. 2014), *abrogated in part by Nat'l Inst. of*

*Fam. & Life Advocs. v. Becerra*, 585 U.S. 755 (2018); the Ninth Circuit, *Tingley v. Ferguson*, 47 F.4th 1055 (9th Cir. 2022) and *Pickup v. Brown*, 740 F.3d 1208 (9th Cir. 2014) *abrogated in part by Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755 (2018) and; the Tenth Circuit, *Chiles v. Salazar*, 116 F.4th 1178 (10th Cir. 2024), *cert. granted*, No. 24-539, 2025 WL 746313 (U.S. Mar. 10, 2025). They have been found unconstitutional in one: the Eleventh Circuit, *Otto v. City of Boca Raton, Fla.*, 981 F.3d 854 (11th Cir. 2020).

6. This Circuit split has, presumably, prompted the Supreme Court to grant certiorari in *Chiles* on March 10. Presumably, the case will be heard next term and decided during or before June 2026. The resolution of *Chiles* will likely grant substantial guidance to this Court in deciding the issues before it, specifically the interplay between the First Amendment, the protection of professional conduct that involves speech, and conversion therapy bans.

7. Continuing litigation without the Supreme Court's guidance in *Chiles* risks duplication of litigation efforts, the waste of both party and Court resources, and incongruent results.

8. Defendants have consulted with counsel for the Plaintiffs who oppose such a motion.

9. Despite the motion to stay, if granted, the Defendants would like to continue minimal discovery into the standing of the Plaintiffs to bring this lawsuit – specifically whether they are under the jurisdiction of either the City or the County.

    a. The addresses associated with Ballpark Investments LLC on the Missouri Secretary of State's website are in Independence, Blue Springs, Liberty, Lee's Summit. Ex. A. Hope and Healing Counseling has a business address in Liberty. Ex. B. Wyatt Bury, LLC, has a principal office address in Harrisonville. Ex. C.

    b. Ms. Eisenreich's professional registration gives an address in Liberty. Ex. D. Mr. Bury's professional registration gives an address in Overland Park, Kansas. Ex. E.

c. Additionally, the County has searched its records and has not located any records indicating that Wyatt Bury LLC, Ballpark Investments LLC, Hope and Healing Counseling, Pamela Eisenreich, or Wyatt Bury have submitted any individual or business forms declaring business or personal property in Jackson County, Missouri.

d. Further, on the same day last year, August 12, 2024, both Wyatt Bury LLC and Ballpark Investments LLC filed documents with the Missouri Secretary of State requesting that their article of incorporation be amended to show "The Principal Office Address of the limited liability company is to be left blank." Ex. F; Ex. G.

10. That none of these addresses are in the City, and the addresses listed for Hope and Healing Counseling and Wyatt Bury LLC are not in the County, implicates the standing of these Plaintiffs to maintain this lawsuit. For those reasons, the Defendants would like to continue minimal discovery into only the issue of standing.

WHEREFORE, based on the foregoing, Defendants City of Kansas City, Missouri and Jackson County, Missouri request that this action be stayed but for minimal discovery allowed into standing.

Respectfully submitted,

| OFFICE OF THE CITY ATTORNEY | OFFICE OF THE COUNTY COUNSELOR |
|---|---|
| By: /s/*Tara M. Kelly*<br>Tara M. Kelly, #64624<br>Mattison Harvey, #73746<br>2800 City Hall, 414 E. 12th Street<br>Kansas City, Missouri 64106<br>Telephone: (816) 513-3117<br>Facsimile: (816) 513-3133<br>Email: tara.kelly@kcmo.org | By: /s/D. Ryan Taylor<br>D. Ryan Taylor, #63284<br>415 E. 12th Street, Suite 200<br>Kansas City, Missouri 64106<br>Telephone: (816) 881-3656<br>Facsimile: (816) 881-3398<br>Email: rtaylor@jacksongov.org |

| ATTORNEYS FOR DEFENDANT CITY OF KANSAS CITY, MISSOURI | ATTORNEYS FOR DEFENDANT JACKSON COUNTY, MISSOURI |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent to all counsel of record through the Court's e-filing system, this 24th day of March, 2025.

/s/ *Tara M. Kelly*
Tara M. Kelly